■ In the Matter of CHESTER ALMONOR, Appellant, v SUSAN R. ROSENBERG et al., Respondents. [655 NYS2d 361] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered August 1, 1995, which denied petitioner's application pursuant to CPLR article 78 challenging respondent's denial of access under the Freedom of Information Law (Public Officers Law § 84 *et seq.)* to certain DD5 reports and police officers' memo books, and dismissed the petition, unanimously modified, on the law and the facts, to remit the matter to Supreme Court, New York County, for a determination as to whether a particular statutory exemption applies to justify nondisclosure of the requested documents, and otherwise affirmed, without costs.

As respondents acknowledge, the recent Court of Appeals' decision in *Matter of Gould v New York City Police Dept.* (89 NY2d 267) requires remittal of the matter to determine, upon an in camera inspection, if necessary, whether "the Police Department can make a particularized showing that a statutory exemption applies to justify nondisclosure of the requested documents" *(supra,* at 273). Petitioner's remaining contention, that he has presented a factual basis to support his contention that other documents he had requested do exist and that the court erred in not requiring respondents to submit an affidavit detailing their search and failure to locate such documents, is without merit in view of respondents' verified answer already detailing their search efforts, and no hearing is warranted *(supra,* at 279). Notably, in some instances, petitioner already possessed portions of these allegedly unproduced documents, and his description of others was not sufficiently clear to permit identification. Concur—Sullivan, J. P., Milonas, Rosenberger and Rubin, JJ.